# Supreme Court of Florida

_____

No. SC2022-1294

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – SUBCHAPTER 4-7 INFORMATION ABOUT LEGAL SERVICES.**

June 22, 2023

PER CURIAM.

The Florida Bar (Bar) petitions this Court to amend subchapter 4-7 (Information About Legal Services) of the Rules Regulating The Florida Bar (Bar Rules).[1]  Specifically, the Bar proposes amending Bar Rules 4-7.12 (Required Content), 4-7.13 (Deceptive and Inherently Misleading Advertisements), 4-7.14 (Potentially Misleading Advertisements), 4-7.16 (Presumptively Valid Content), 4-7.18 (Direct Contact with Prospective Clients), and 4-7.22 (Referrals, Directories and Pooled Advertising).

---

1.  We have jurisdiction.  _See_ art. V, § 15, Fla. Const.; _see also_ R. Regulating Fla. Bar 1-12.1.

The Bar's proposals were approved by the Board of Governors of The Florida Bar, and consistent with Bar Rule 1-12.1(g), the Bar published formal notice of the proposed amendments in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received. Having considered the Bar's petition, the Court hereby amends the Rules Regulating The Florida Bar as proposed. The more significant amendments are discussed below.

First, in Bar Rules 4-7.12, 4-7.13, 4-7.14, and 4-7.18, we replace the phrases "reasonably prominent" and "prominently displayed" with "clear and conspicuous" to describe how required information and disclaimers in advertisements must appear.

Next, in subdivision (b)(5) of Bar Rule 4-7.13, we delete language requiring the use of a specific disclaimer to resolve an erroneous impression that the person speaking or shown is the advertising lawyer. Instead, we amend the subdivision to allow lawyers discretion in creating a "clear and conspicuous disclaimer that the person is not an employee or member of the law firm." Similarly, in subdivision (b)(6) of Bar Rule 4-7.13, we delete language requiring the use of a specific disclaimer indicating that

- 2 -

the depiction is a dramatization and not an actual event and further amend the subdivision to allow a lawyer to create a "clear and conspicuous disclaimer that it is a dramatization of either a real or fictitious event."  Likewise, we amend subdivision (b)(7) of rule 4-7.13, by eliminating the requirement that lawyers use a specific disclaimer to indicate that an actor is used to portray a person in the occupation or profession.  Instead, lawyers now have discretion to create a "clear and conspicuous disclaimer that the advertisement is using an actor to portray a person in the occupation or profession."

Additionally, in Bar Rule 4-7.14(a)(4)(B), we delete the requirement that lawyers certified by a specialty certification program accredited by the American Bar Association but not The Florida Bar must include the disclaimer "Not Certified as a Specialist by The Florida Bar."  This disclaimer is unnecessary because the subdivision already requires advertisements claiming board certification to include the certifying entity and area of certification.

Further, we delete subdivision (b)(2)(E) of Bar Rule 4-7.18, which required lawyers to include as the first sentence in all

targeted direct written solicitations: "If you have already retained a lawyer for this matter, please disregard this letter." This requirement is unnecessary as lawyers are permitted to give second opinions to individuals already represented by counsel and subdivision (b)(1)(B) of the rule still prohibits lawyers from sending direct written solicitations if he or she knows or reasonably should know that the individual is represented.

Last, Bar Rule 4-7.22 is amended to include new subdivision (d)(12), which precludes a lawyer from participating in a qualifying provider that has fewer than four participating lawyers from different law firms. Creating this minimum will prevent an individual lawyer from misleading the public by advertising in the guise of a qualifying provider but funneling clients directly to a single firm.

Accordingly, the Rules Regulating The Florida Bar are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective August 21, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, Gary S. Lesser, President, F. Scott Westheimer, President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

## RULE 4-7.12.   REQUIRED CONTENT

**(a) – (c)**  [No Change]

**(d)  Clear and Conspicuous and Legibility.**  Any information required by these rules to appear in an advertisement must be ~~reasonably prominent~~clear and conspicuous and must be clearly legible if written, or intelligible if spoken. Information is clear and conspicuous if it is written, displayed, or presented in such a way that a reasonable person should notice it.

### Comment

### Name of ~~Lawyer or Lawyer Referral Service~~lawyer or lawyer referral service

All advertisements are required to contain the name of at least 1 lawyer who is responsible for the content of the advertisement.  For purposes of this rule, including the name of the law firm is sufficient.  A lawyer referral service, qualifying provider or lawyer directory must include its actual legal name or a registered fictitious name in all advertisements in order to comply with this requirement.

### Geographic ~~Location~~location

For the purposes of this rule, a bona fide office is defined as a physical location maintained by the lawyer or law firm where the lawyer or law firm reasonably expects to furnish legal services in a substantial way on a regular and continuing basis.

An office in which there is little or no full-time staff, the lawyer is not present on a regular and continuing basis, and where a substantial portion of the necessary legal services will not be provided, is not a bona fide office for purposes of this rule.  An advertisement cannot state or imply that a lawyer has offices in a location where the lawyer has no bona fide office.  However, an advertisement may state that a lawyer is "available for consultation" or "available by appointment" or has a "satellite" office at a location

where the lawyer does not have a bona fide office, if the statement is true.

**Referrals to ~~Other Lawyers~~other lawyers**

If the advertising lawyer knows at the time the advertisement is disseminated that the lawyer intends to refer some cases generated from an advertisement to another lawyer, the advertisement must state that fact. An example of an appropriate disclaimer is as follows: "Your case may be referred to another lawyer."

**Language of ~~Advertisement~~advertisement**

Any information required by these rules to appear in an advertisement must appear in all languages used in the advertisement. If a specific disclaimer is required in order to avoid the advertisement misleading the viewer, the disclaimer must be made in the same language that the statement requiring the disclaimer appears.

**<u>Clear and conspicuous</u>**

<u>Information required by these rules to appear in an advertisement must be clear and conspicuous. If a disclaimer is required to modify specific written text, generally it will be clear and conspicuous if it receives equal or greater prominence, presentation, and placement and appears in close proximity relative to the text to be modified. For example, if a disclaimer is required to modify specific written text, generally it will be clear and conspicuous if it appears in the same or larger size text and immediately together with the text to be modified. If a disclaimer is required to modify spoken words, generally it will be clear and conspicuous if spoken at the same volume, tone, and speed as the words it modifies. If a disclaimer appears in text to modify spoken words, generally it will be clear and conspicuous if displayed in sufficiently large text that a reasonable person should notice it, at the same time the words it modifies are spoken, and for the duration of the time as the words it modifies. The overarching consideration for required information or a disclaimer is that consumers notice it, read or hear it, and understand it.</u>

**RULE 4-7.13.  DECEPTIVE AND INHERENTLY MISLEADING ADVERTISEMENTS**

A lawyer may not engage in deceptive or inherently misleading advertising.

**(a)**  [No Change]

**(b)  Examples of Deceptive and Inherently Misleading Advertisements.**  Deceptive or inherently misleading advertisements include, but are not limited to, advertisements that contain:

(1)  [No Change]

(2)  references to past results, unless the information is objectively verifiable, subject to rule 4-7.14;

(3) – (4) [No Change]

(5)  a voice or image that creates the erroneous impression that the person speaking or shown is the advertising lawyer or a lawyer or employee of the advertising firm.  ~~The following notice, prominently displayed would resolve the erroneous impression: "Not~~, unless the advertisement contains a clear and conspicuous disclaimer that the person is not an employee or member of the law firm~~"~~;

(6)  a dramatization of an actual or fictitious event that a reasonable viewer would not know is a dramatization from the context of the advertisement, unless the dramatization contains ~~the following prominently~~a clear and conspicuous ~~displayed notice: "DRAMATIZATION. NOT AN ACTUAL EVENT"~~ disclaimer that it is a dramatization of either a real or fictitious event;

(7)  an actor purporting to be engaged in a particular profession or occupation~~, unless~~ that a reasonable viewer would not know is a fictitious portrayal, unless the advertisement includes ~~the following prominently~~a clear and conspicuous ~~displayed notice: "ACTOR. NOT ACTUAL [ . . . . ]"~~disclaimer that

the advertisement is using an actor to portray a person in the occupation or profession;

(8)  statements, trade names, telephone numbers, Internet addresses, images, sounds, videos, or dramatizations that state or imply ~~that~~ the lawyer will engage in conduct or tactics that are prohibited by the Rules of Professional Conduct or any law or court rule;

(9)  a testimonial:

(A) – (B) [No Change]

(C)  that ~~is not representative of~~does not represent what clients of that lawyer or law firm generally experience;

(D) – (F) [No Change]

(10)  a statement or implication that The Florida Bar has approved an advertisement or a lawyer, except a statement that the lawyer is licensed to practice in Florida or has been certified ~~pursuant to~~under chapter 6, Rules Regulating The Florida Bar;

(11) – (12) [No Change]

## Comment

**Material omissions**

[No Change]

**Implied existence of nonexistent fact**

[No Change]

**Predictions of success**

[No Change]

**Past results**

[No Change]

**Comparisons**

[No Change]

**Characterization of skills, experience, reputation, or record**

[No Change]

**Areas of practice**

[No Change]

**Dramatizations**

A re-creation or staging of an event where it is not clear from the context of the advertisement that the portrayal is a re-creation or staging of an event must contain a ~~prominently~~ clear and conspicuous ~~displayed~~ disclaimer~~, "DRAMATIZATION. NOT AN ACTUAL EVENT."~~ For example, a re-creation of a car accident must contain ~~the~~an appropriate clear and conspicuous disclaimer if the context of the advertisement makes the re-creation appear to be a matter handled by that law firm. A re-enactment of lawyers visiting the re-construction of an accident scene must contain ~~the~~an appropriate clear and conspicuous disclaimer if it is not clear from the advertisement that it is a re-enactment.

If an actor is used in an advertisement purporting to be engaged in a particular profession or occupation who is acting as a spokesperson for the lawyer or in any other circumstances where the viewer could be misled, a disclaimer must be used. However, an authority figure such as a judge or law enforcement officer, or an actor portraying an authority figure, may not be used in an advertisement to endorse or recommend a lawyer, or to act as a spokesperson for a lawyer under rule 4-7.15.

**Implying lawyer will violate rules of conduct or law**

[No Change]

**Testimonials**

[No Change]

**Florida bar approval of ad or lawyer**

[No Change]

**Judicial, executive, and legislative titles**

[No Change]

**Implication of association or affiliation with another lawyer or law firm**

[No Change]

**RULE 4-7.14.   POTENTIALLY MISLEADING ADVERTISEMENTS**

[No Change]

**(a)  Potentially Misleading Advertisements.**  Potentially misleading advertisements include, but are not limited to:

(1) – (3) [No Change]

(4)  a statement that a lawyer is board certified or other variations of that term unless:

(A)  the lawyer has been certified under the Florida Certification Plan as set forth in chapter 6, Rules Regulating ~~the~~The Florida Bar, and the advertisement includes the area of certification and that The Florida Bar is the certifying organization;

(B)  the lawyer has been certified by an organization whose specialty certification program has been accredited by the American Bar Association or The Florida Bar as provided elsewhere in these rules~~.  A lawyer certified by a specialty certification program accredited by the American Bar Association but not The Florida Bar must include the statement "Not Certified as a Specialist by The Florida Bar" in reference to the specialization or certification. All such advertisements must include~~ and the advertisement includes the area of certification and the name of the certifying organization; or

- 11 -

(C)  [No Change]

(5)  [No Change]

(6)  a statement that a law firm specializes or has expertise in an area of practice, or other variations of those terms, unless the law firm can objectively verify the claim as to at least 1 of the lawyers who are members of or employed by the law firm as set forth in subdivision (a)(5) above, but if the law firm cannot objectively verify the claim for every lawyer employed by the firm, the advertisement must contain a ~~reasonably prominent~~<u>clear and conspicuous</u> disclaimer that not all lawyers in the firm specialize or have expertise in the area of practice in which the firm claims specialization or expertise; or

(7)  [No Change]

**(b)**  [No Change]

**Comment**

**Awards, honors, and ratings**

[No Change]

**Claims of board certification, specialization, or expertise**

This rule permits a lawyer or law firm to indicate areas of practice in communications about the lawyer's or law firm's services, provided the advertising lawyer or law firm actually practices in those areas of law at the time the advertisement is disseminated. If a lawyer practices only in certain fields, or will not accept matters except in those fields, the lawyer is permitted to indicate that. A lawyer also may indicate that the lawyer concentrates in, focuses on, or limits the lawyer's practice to particular areas of practice as long as the statements are true. A lawyer who is not certified by The Florida Bar, by another state bar with comparable standards, or an organization accredited by the American Bar Association or The Florida Bar may not be described to the public as "certified" or "board certified" or any variation of similar import.

Certification is specific to individual lawyers; a law firm cannot be certified in an area of practice per subdivision (c) of rule 6-3.4. Therefore, an advertisement may not state that a law firm is certified in any area of practice.

A lawyer can only state or imply that the lawyer is "certified" in the actual area(s) of practice in which the lawyer is certified. A lawyer who is board certified in civil trial law, may state that, but may not state that the lawyer is certified in personal injury.

The criteria set forth in the Florida Certification Plan are designed to establish a reasonable degree of objectivity and uniformity so that the use of the terms "specialization," "expertise," or other variations of those terms, conveys some meaningful information to the public, and is not misleading. A lawyer who meets the criteria for certification in a particular field automatically qualifies to state that the lawyer is a specialist or expert in the area of certification. However, a lawyer making a claim of specialization or expertise is not required to be certified in the claimed field of specialization or expertise or to have met the specific criterion for certification if the lawyer can demonstrate that the lawyer has the education, training, experience, or substantial involvement in the area of practice commensurate with specialization or expertise.

A law firm claim of specialization or expertise may be based on 1 lawyer who is a member of or employed by the law firm either having the requisite board certification or being able to objectively verify the requisite qualifications enumerated in this rule. For purposes of this rule, a lawyer's "of counsel" relationship with a law firm is a sufficiently close relationship to permit a law firm to claim specialization or expertise based on the "of counsel" lawyer's board certification or qualifications only if the "of counsel" practices law solely through the law firm claiming specialization or expertise and provides substantial legal services through the firm as to allow the firm to reasonably rely on the "of counsel" qualifications in making the claim.

A disclaimer that not all lawyers in the firm specialize or have expertise when a firm claims specialization or expertise is clear and conspicuous when it is written, displayed, or presented in the same

or larger text if appearing immediately together with the text making the claim of firm specialization or expertise; spoken in the same volume, tone, and speed as the claim of firm specialization or expertise and at the same time as or immediately after the claim of firm specialization or expertise if spoken aloud; or any other way that a reasonable consumer should notice it, read or hear it, and understand it.

**Fee and cost information**

[No Change]

## RULE 4-7.16.   PRESUMPTIVELY VALID CONTENT

[No Change]

**(a)  Lawyers and Law Firms.**  A lawyer or law firm may include the following information in advertisements and unsolicited written communications:

(1)  the name of the lawyer or law firm subject to the requirements of this rule and rule 4-7.21, a listing of lawyers associated with the firm, office locations and parking arrangements, disability accommodations, telephone numbers, website addresses, and electronic mail addresses, office and telephone service hours, social media contact information including social media icons or logos, and a designation such as "attorney" or "law firm";

(2) – (5) [No Change]

(6)  fields of law in which the lawyer practices, including official certification logos, subject to the requirements of subdivision (a)(4) of rule 4-7.14this subchapter regarding use of terms such as certified, specialist, and expert;

(7) – (8) [No Change]

(9)  fee for initial consultation and fee schedule, subject to the requirements of subdivisions (a)(5) of rule 4-7.14this subchapter regarding cost disclosures and honoring advertised fees;

- 14 -

(10) – (12) [No Change]

**(b)  Lawyer Referral Services and Qualifying Providers.**  A lawyer referral service or qualifying provider may advertise its name, location, telephone number, the fee charged, its hours of operation, the process by which referrals or matches are made, the areas of law in which referrals or matches are offered, the geographic area in which the lawyers practice to whom those responding to the advertisement will be referred or matched.  The Florida Bar's lawyer referral service or a lawyer referral service approved by The Florida Bar under chapter 8 of the Rules Regulating ~~the~~The Florida Bar also may advertise the logo of its sponsoring bar association and its nonprofit status.

## Comment

[No Change]

## RULE 4-7.18.  DIRECT CONTACT WITH PROSPECTIVE CLIENTS

**(a)**  [No Change]

**(b)  Written Communication.**

(1)  [No Change]

(2)  Written communications to prospective clients for the purpose of obtaining professional employment that are not prohibited by subdivision (b)(1) are subject to the following requirements:

(A)  [No Change]

(B)  Each separate enclosure of the communication and the face of an envelope containing the communication must be ~~reasonably prominently~~clearly and conspicuously marked "advertisement_.~~"  in ink that contrasts with both the background it is printed on and other text appearing on the same page.~~  If the written communication is in the form of a self-mailing brochure or pamphlet, the "advertisement" mark must be ~~reasonably prominently~~clearly and conspicuously marked on the address panel of the brochure or pamphlet, on

- 15 -

the inside of the brochure or pamphlet, and on each separate enclosure. If the written communication is sent via ~~electronic mail~~email, the subject line of the email must begin with the word "Advertisement~~.~~," and any attachment to the email must also be clearly and conspicuously marked "advertisement." The term "advertisement" is sufficiently clear and conspicuous if it is written, displayed, or presented in larger and contrasting text relative to other text appearing on the page or any other way that a reasonable consumer should notice it.

(C)  Every written communication must ~~be accompanied by~~include a written statement detailing the background, training and experience of the lawyer or law firm. This statement must include information about the specific experience of the advertising lawyer or law firm in the area or areas of law for which professional employment is sought. Every written communication disseminated by a lawyer referral service must ~~be accompanied by~~include a written statement detailing the background, training, and experience of each lawyer to whom the recipient may be referred.

(D)  If a contract for representation ~~is mailed with~~accompanies the written communication, the top of each page of the contract must be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" must appear on the client signature line.

~~(E)  The first sentence of any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member must be: "If you have already retained a lawyer for this matter, please disregard this letter."~~

(~~F~~E)  Written communications must not ~~be made to~~ resemble legal pleadings or other legal documents.

(~~G~~F)  If a lawyer other than the lawyer whose name or signature appears on the communication will actually handle the case or matter, or if the case or matter will be referred to

- 16 -

another lawyer or law firm, any written communication concerning a specific matter must include a statement so advising the client.

(~~H~~G)  Any written communication prompted by a specific occurrence <u>and directed to a recipient that the lawyer knows or reasonably should know directly</u> ~~involving or affecting~~<u>involves or affects</u> the intended recipient ~~of the communication~~ or a family member must disclose how the lawyer obtained the information prompting the communication. The disclosure required by this rule must be specific enough to enable the recipient to understand the extent of the lawyer's knowledge regarding the recipient's particular situation.

(~~I~~H)  A written communication ~~seeking employment by a specific prospective client~~ <u>prompted by a specific occurrence and directed to a recipient that the lawyer knows or reasonably should know directly involves or affects the intended recipient or a family member</u> in a specific matter must not reveal on the envelope, or on the outside of a self-mailing brochure or pamphlet, the nature of the ~~client's~~<u>recipient's</u> legal problem.

(3)  [No Change]

## Comment

**Permissible contact**

[No Change]

**Prior professional relationship**

[No Change]

**Disclosing where the lawyer obtained information**

[No Change]

**<u>Disclosing the nature of the prospective client's legal problem</u>**

<u>This requirement does not apply where a written communication is prompted by a specific occurrence with widespread impact, such as a hurricane or a flood, where although the communication has been prompted by a specific occurrence, the lawyer neither knows nor has reason to know that the intended recipient was in fact affected by the specific occurrence.</u>

**Group or prepaid legal services plans**

[No Change]

## RULE 4-7.22.   REFERRALS, DIRECTORIES AND POOLED ADVERTISING

**(a)  Applicability of Rule.**  A lawyer is prohibited from participation with any qualifying provider that does not meet the requirements of this rule and any other applicable Rule Regulating ~~the~~<u>The</u> Florida Bar.

**(b) – (c)** [No Change]

**(d)  When Lawyers May Participate with Qualifying Providers.** A lawyer may participate with a qualifying provider as defined in this rule only if the qualifying provider:

(1) – (9) [No Change]

(10)  affirmatively discloses to the prospective client at the time a referral, match or other connection is made of the location of a bona fide office by city, town or county of the lawyer to whom the referral, match or other connection is being made;~~and~~

(11)  does not use a name or engage in any communication with the public that could lead prospective clients to reasonably conclude that the qualifying provider is a law firm or directly provides legal services to the public<u>; and</u>

<u>(12) has lawyers from at least 4 different law firms participating in the panel or group of lawyers to whom clients are referred</u>.

**(e)** [No Change]

**Comment**

[No Change]
